**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PAUL MOLLOY and JACQUELINE MOLLOY, H/W, on behalf of themselves and all others similarly situated,**<br>                    **Plaintiffs,**<br><br>             **v.**<br><br>**AETNA LIFE INSURANCE COMPANY, and AETNA, INC.,**<br>                    **Defendants.** | **CIVIL ACTION NO.  19-3902** |

## ORDER

**AND NOW,** this 25th day of January 2024, upon consideration of Plaintiffs' unopposed Motion for Approval of Final Class Action Settlement [Doc. No. 62], Plaintiffs' unopposed Motion for Award of Attorneys' Fees and Expenses to Class Counsel and Service Awards to Class Representatives [Doc. No. 63], and the attached stipulation, and after a hearing on December 19, 2023, the Court finds and concludes as follows:

1.      The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the named Plaintiffs, all Settlement Class Members, and Defendants.

2.      On March 3, 2023, Plaintiffs filed their Unopposed Motion for Preliminary Approval of the Settlement.

3.      On July 12, 2023, the Court preliminarily certified the above-captioned matter as a settlement Class Action, defining the Settlement Class as follows:

> All members, participants, and beneficiaries of ERISA-governed employee welfare benefit plans administered and/or insured by ALIC, who themselves, or who, as a subscriber, had a beneficiary covered by their benefits plan, who:

- o  Had a denied PBT benefit claim and/or denied PBT precertification request, for which either the claim was incurred, or the request was submitted, between June 1, 2017 and October 9, 2020 ("Class Period"); and

- o  Had a diagnosis code for head, neck, or brain cancer within the list of codes covered under Section 1 of the October 2020 revision to Clinical Policy Bulletin No. 0270; and

- o  Did not have benefit claims for intensity-modulated radiation therapy paid or adjudicated as paid by ALIC.

- o  The following persons are excluded from the Class: all individuals under the age of 21 at the time the claim for benefits was incurred or request was submitted; and all individuals covered by a Medicare Advantage plan administered or insured by ALIC.  Also excluded from this definition are Defendants, as well as Defendants' attorneys, agents, insurers, the attorneys representing Defendants in this case, the Judge(s) to whom this case is assigned and their immediate family members, all persons who request exclusion from (opt-out of) the Settlement, and all persons who previously released any claims encompassed in this Settlement.

4.  The Court hereby re-affirms this definition for purposes of this Final Approval Order.

5.  The Court certifies the Settlement Class in this Action, for settlement purposes only, and in so doing, finds that, for settlement purposes only, the requirements for maintaining a class action, at the settlement stage, have been met.

6.  The Class Representatives have entered into the Agreement which has been filed with the Court.  The Agreement for the Settlement of this Action with Defendants on behalf of the Class Representatives and the Settlement Class Members, is subject to approval by the Court of its terms.  The Court scheduled a hearing to consider the approval of the Settlement and directed that the Notices be disseminated in accordance with the terms of the Preliminary Approval Order.

7.      In accordance with the terms of the Settlement and Preliminary Approval Order, the Parties implemented the Notice Plan approved by the Court.  Defendants' counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice Plan.

8.      The Court hereby finds that the Notice Plan and Settlement Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.

9.      The Class Representatives and Defendants have applied to the Court for final approval of the terms of the Settlement and for entry of this Final Approval Order.  Pursuant to the Settlement Class Notice, a hearing was held before this Court on December 19, 2023, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order approving the Settlement and dismissing all claims in the Action, with prejudice and without leave to amend, should be entered.  Plaintiffs and all Settlement Class Members, and any person acting on their behalf are barred from filing, commencing, prosecuting, intervening in or participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, in any state or federal court, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction based on the Released Claims, as defined in the Agreement.

10.     The Court hereby finds that approval of the Agreement and Settlement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

11.     The Court hereby finds that the Settlement is the result of good faith arm's-length negotiations by the Parties thereto.

12.     The Court hereby finds that the terms of the Settlement are fair, reasonable, and adequate.

NOW THEREFORE, IT IS ORDERED AS FOLLOWS:

13.     The Court possesses jurisdiction over the subject matter of this Action, the Class Representatives, the Settlement Class Members, and the Defendants.

14.     The Parties are directed to notify the one person who opted out of the Settlement of the Revised Settlement Amount and allow 10 days for the person to opt in. If the person does not opt in, the one valid exclusion request shall not be considered a member of the Settlement Class or bound by the Release in the Settlement Agreement and may not receive any benefits of the Settlement. All remaining Settlement Class Members shall be bound by this Final Approval Order and by the Agreement.  No objections to the Settlement were made.

15.     All provisions and terms of the Settlement are hereby found to be fair, reasonable and adequate as to the Settlement Class Members and the Class Representatives, and all provision and terms of the Settlement are hereby finally approved in all respects.

16.     The Parties are hereby directed to consummate the Settlement in accordance with its terms.

17.     Within ten days of the Effective Date, the Claims Administrator, Carroll Services, LLC, shall establish a Settlement Account, which shall be treated as a Qualified Settlement Fund, for purposes of administering monetary relief under the Settlement, and will provide Class Counsel and Defendants' counsel with any information relating to the Settlement Account that is reasonably necessary for Defendants to fund the Settlement Account, including, but not limited to, a properly executed W-9.

18.     Within fifteen days of the Effective Date, and upon receipt of a properly executed Form W-9 for the Settlement Account, Defendants will deposit the Revised Settlement Amount into the Settlement Account.

19.     Within thirty days after the Effective Date, the Claims Administrator will commence issuing payments, in the form of checks, to Settlement Class Members for the approved Settlement Claims.  If checks are returned as undeliverable with a forwarding address, the Claims Administrator will re-mail the checks to the forwarding address.  If checks are returned without a forwarding address, the Claims Administrator will perform an electronic search to attempt to locate updated addresses and, if identified, the Claims Administrator will re-mail checks to the updated addresses. Class counsel may call or search for any needed contact information in order to help locate the Settlement Class Members.

20.     Where a Settlement Class Member is deceased and payment is due to that Settlement Class Member pursuant to the Settlement Agreement, payment may be made to such Settlement Class Member's Legally Authorized Representative.  Where a Settlement Class Member has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, and a payment is due to the Settlement Class Member, upon receipt of proper notification and documentation submitted by the Settlement Class Member, payment will be made to the bankruptcy trustee, the Settlement Class Member, or otherwise directed in accordance with applicable United States Bankruptcy Code law.

21.     Each Settlement Class Member shall have one hundred twenty days from the date which appears on the face of the check issued to them to negotiate the payment for their Settlement Claim.  Any funds remaining in the Settlement Account after each Settlement Class Member's 120-day deadline for negotiating their settlement checks has passed, the Claims Administrator

shall retain such funds in the Settlement Account for a period of ten days after the last 120-day deadline has passed to allow for the processing and payment of any checks that may still be in the bank's check clearing process.  Thereafter, the Claims Administrator shall close out the Settlement Account and issue a check for any remaining balance as a *cy pres* award to NRG Oncology Foundation, Inc.

22.     This Final Approval Order is a final order in the Action within the meaning of and for purposes of Rules 23(e), 41, and 54 of the Federal Rules of Civil Procedure as to all claims among Defendants on the one hand, the Class Representatives and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.  Without in any way affecting the finality of this Final Approval Order, this Court shall retain continuing jurisdiction over this Action for purposes of:

    a.  Enforcing this Final Approval Order, the Agreement and the Settlement;

    b.  Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

    c.  Any other matters related or ancillary to any of the foregoing.

23.     The Court has considered the request for Class Representative service awards, and hereby approves and awards Class Representative, Paul Molloy the amount of $25,000 as a fair and reasonable amount.

24.     The Court has considered the request for Class Representative service awards, and hereby approves and awards Class Representative, Jacqueline Molloy the amount of $25,000 as a fair and reasonable amount.

25.     The Court has reviewed the unopposed Motion and supporting memorandum of law and finds that Class Counsels' request for $1,407,099.25 in attorneys' fees is reasonable and

that Class Counsels' request for reimbursement of $44,900.75 is fair and reasonable.  The Court therefore approves Class Counsels' request for fees and expenses

26.     The sums set forth in Paragraphs 23-25 above shall be paid within 30 days after the Effective Date as follows:

      a.   To Class Representatives Paul Molloy and Jacqueline Molloy for approved service awards by overnight or hand delivery to the attention of Brett Benton, Esquire at Richard M. Ochroch & Associates, P.C., 318 S. 16th Street, Philadelphia, PA  19102; and

      b.   To counsel for  approved fees and expenses, payable jointly to First Law Strategy Group, LLC and Richard M. Ochroch and Associates, P.C. by overnight or hand delivery to the attention of Brett Benton, Esquire at Richard M. Ochroch & Associates, P.C., 318 S. 16th Street, Philadelphia, PA 19102.

27.     The Court approves the payment of a $10,000 portion of the Revised Settlement Amount to the Claims Administrator.

It is so **ORDERED**.

**BY THE COURT:**

/s/ **Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAUL MOLLOY and
JACQUELINE MOLLOY, on behalf of
themselves and all others similarly situated,

   Plaintiffs,

  v.

AETNA LIFE INSURANCE COMPANY and
AETNA INC.,

   Defendants.

Civil Action

No. 19-CV-03902

## **STIPULATION**

Following the December 19, 2023, initial hearing regarding Final Approval and based upon the Court's directions, the parties, Plaintiffs Paul Molloy and Jacqueline Molloy on behalf of themselves and all others similarly situated, and Defendants Aetna Life Insurance Company and Aetna Inc., hereby present the following Stipulation and Order, and stipulate as follows, conditioned upon the approval of the Court:

  1. On November 20, 2023 Plaintiffs filed their Unopposed Motion for Final Approval of Class Action Settlement and Unopposed Motion for Attorneys' Fees and Expenses to Class Counsel and Service Award to Class Representatives.

  2. The proposed settlement presented by these motions requested approval of a settlement containing, inter alia, the following terms:

   a. Defendants would fund a Settlement Account in the amount of $3,408,000.

   b. A $930,554.58 portion of the Settlement Account would be used to pay the Settlement Class Members who submitted claims the amounts awarded by the Claims Administrator;

   c. The remaining $2,477,455.42 would be distributed to NRG Oncology, Inc. as a *cy pres* award.

   d. Separate and apart from the amount Defendants paid to fund the Settlement Account, Defendants would pay: (i) $25,000 each to the two Class Representatives; (ii) $44,900.75 in litigation and class administration expenses; and (iii) $1,407,099.25 in attorneys' fees.

3.      Based upon the issues raised by this Court at the December 19, 2023 final approval hearing the parties hereby stipulate to revise the relief requested through the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Unopposed Motion for Attorneys' Fees and Expenses to Class Counsel and Service Award to Class Representatives as follows:

    a.   Defendants agree to fund a Settlement Account in the amount of $2,588,329.62 ("Revised Settlement Amount");

    b.   The portion of Revised Settlement Amount used to pay the Settlement Class Members who submitted claims approved by the Claims Administrator will increase from $930,554.58 to $1,750,224.96;

    c.   Awards to the Settlement Class Members who submitted claims approved by the Claims Administrator will be determined by increasing the amount approved by the Claims Administrator for each such Settlement Class Member by 66.67%, with a minimum payment of $20,000 and maximum payment of $40,000 for each such Settlement Class Member;

    d.   A $10,000 portion of the Revised Settlement Amount shall be paid to the Claims Administrator as payment for the increased costs of administration of the settlement;

    e.   The remaining $828,104.66 portion of the Revised Settlement Amount shall be distributed to NRG Oncology, Inc. as a *cy pres* award; and

    f.   Separate and apart from the Revised Settlement Amount, Defendants shall pay: (i) $25,000 each to the two Class Representatives; (ii) $44,900.75 in litigation and class administration expenses; and (iii) $1,407,099.25 in attorneys' fees, which remains unchanged from the original relief requested by Plaintiffs and the Settlement Class.

BY:   _/s/ Richard M. Ochroch_
RICHARD M. OCHROCH &
ASSOCIATES, P.C.
Richard Ochroch, Esquire
Brett N. Benton, Esquire
Andrew R. Ochroch, Esquire
Attorney I.D. Nos. 21432 / 93267 /
315797
318 South 16th Street
Philadelphia, PA 19102
Facsimile: (215) 893-4209
bbenton@ochroch-law.com
rochroch@ochroch-law.com
aochroch@ochroch-law.com

FIRST LAW STRATEGY GROUP,
LLC
David S. Senoff, Esquire
Attorney I.D. No. 65278
121 S. Broad Street, Suite 300
Philadelphia, PA 19107
Phone: (215) 258-4700
Facsimile: (215) 258-4777
dsenoff@firstlawstrategy.com

Attorneys for Plaintiffs and
Settlement Class Members

Dated: January 17, 2024

BY:   _/s/ Edward J. Meehan_
GROOM LAW GROUP,
CHARTERED
Edward J. Meehan, Esquire
Mark C. Nielsen, Esquire
Jon W. Breyfogle, Esquire
Paul J. Rinefierd, Esquire
1701 Pennsylvania Ave., NW
Washington, D.C. 20006
Phone: (202) 861-5429
Facsimile: (202) 659-4503
emeehan@groom.com
mnielsen@groom.com
jbreyfogle@groom.com
prinefierd@groom.com

ELLIOTT GREENLEAF, P.C.
Mark J. Schwemler, Esquire
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
Phone: (215) 977-1051
Facsimile: (215) 977-1099
mjs@elliottgreenleaf.com

Attorneys for Defendants Aetna Life
Insurance Company and Aetna Inc.

Dated: January 17, 2024